U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 3 2017

TONY R. MOORE, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

IN THE MATTER OF DOUBLE C
MARINE, LLC, AS BAREBOAT
CHARTERER AND OPERATOR AND
BARBARA ANN, LLC, AS OWNER OF
THE M/V CAROLINE G., PETITIONING
FOR EXONERATION FROM DAMAGES
OR FOR LIMITATION OF LIABILITY

CIVIL ACTION NO. 14-2273

JUDGE REBECCA F. DOHERTY

MAGISTRATE JUDGE WHITEHURST

*Consolidated with*

IN THE MATTER OF ANDERS OFFSHORE,
LLC AS THE OWNER OF THE ANDERS
ELEVATOR, PETITIONING FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY

CIVIL ACTION NO. 15-2390

JUDGE REBECCA F. DOHERTY

MAGISTRATE JUDGE WHITEHURST

## MEMORANDUM RULING

Before the Court is the Motion to Dissolve the Limitation Injunctions [Doc. 74] filed by the claimant in limitation, Paul Jones ("Jones"), in the captioned consolidated limitation proceedings. The motion is opposed by petitioners in limitation Anders Offshore, LLC ("Anders"), Double C Marine, LLC ("Double C"), and Barbara Ann, LLC ("Barbara Ann") [Docs. 75 & 76]. Paul Jones has filed a Motion for Leave to File a Reply Brief [Doc. 77], which is herein GRANTED. For the following reasons, the Motion to Dissolve the Limitation Injunctions is DENIED.

### I.    Factual History

The facts pertinent to the instant motion are undisputed. This matter arises out of an allision that occurred on or about January 28, 2014 between the ANDERS ELEVATOR, a liftboat owned by Anders, and a barge in the tow of the M/V CAROLINE G, a vessel owned by Barbara Ann and chartered by Double C. Claimant Paul Jones, who was working aboard the ANDERS ELEVATOR

at the time of the allision, claims to have sustained physical injury.[1]

## II.    Procedural History

As a result of the allision, on April 7, 2014, Jones filed a Jones Act and general maritime personal injury case against Double C, Barbara Ann, and Anders in Louisiana state court pursuant to the "savings to suitors" clause,[2] 28 U.S.C. §1333, and demanded a jury trial pursuant to 46 U.S.C. §30104.

Thereafter, two limitations proceedings were filed in this Court. On July 9, 2014, Double C, as operator/bareboat charterer, and Barbara Ann, as owner of the M/V CAROLINE G, filed a Complaint for Exoneration or Limitation of Liability (hereinafter the "Double C Limitation").[3] Pursuant to 46 U.S.C. §30501 *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court entered an Order directing "all persons asserting claims with respect to which the Complaint seeks exoneration or limitation...to file their respective claims with the Clerk of Court, in writing, ... on or before January 16, 2015, or be defaulted..."[4] Thereafter, on July 28, 2014, Anders filed a Verified Complaint for Exoneration from or Limitation of Liability (hereinafter the "Anders Offshore Limitation").[5] On September 4, 2014, this Court executed an Order admonishing "all persons asserting claims with respect to which the Complaint seeks exoneration or limitation...to file their respective claims with the Clerk of Court, in writing, ... on

---

[1] All claims for property damage have since been settled.

[2] The same statute that grants exclusive jurisdiction to the federal district courts over limitations proceedings also "sav[es] to suitors in all cases all other remedies to which they are entitled." 28 U.S.C. § 1333.

[3] The Double C Limitation was assigned Civil Action No. 14-2273 in this Court.

[4] *See* Notice of Complaint for Exoneration from or Limitation of Liability, Doc. 6 in 14-2273.

[5] The Anders Limitation was assigned Civil Action No. 14-2390 in this Court.

or before March 4, 2015, or be defaulted…" [6]

On April 9, 2015, the two limitations proceedings were consolidated in this Court.

Prior to consolidation, Anders and Jones filed claims in the Double C Limitation. Jones sought damages for personal injury,[7] while Anders asserted two distinct claims: (1) a property damage claim associated with the incident; and (2) a claim for "indemnity and/or contribution and/or recover over from Double C and/or Barbara Ann, LLC for any judgment rendered or any settlement reached in favor of Paul Jones, together with all maintenance and cure, costs, expenses, and attorney's fees incurred in connection with the prosecution of the complaint against Double C Marine, LLC and/or Barbara Ann, LLC and/or the defense of any claim filed by Paul Jones."[8]

Additionally, Jones, Double C, and Barbara Ann filed claims for damages in the Anders Offshore Limitation. Specifically, Jones asserted claims for damages, maintenance and cure, and punitive damages.[9] Double C and Barbara Ann filed claims for any damages to either the M/V CAROLINE G or its tow as a result of the allision, as well as a claim for contribution and/or indemnity against Anders for any damages arising out the incident.[10] In response, Anders answered these claims reiterating that any alleged damages were caused solely by the actions and inactions of the M/V CAROLINE G, Double C, and Barbara Ann.

---

[6] *See* Notice of Complaint for Exoneration from or Limitation of Liability, Doc. 5 in 14-2390.

[7] *See* Admiralty Answer to Complaint, Doc. 9 in Civil Action No. 14-2273, at ¶6.

[8] *See* Supplemental Anser to Complaint in Limitation and Claim of Anders Offshore, LLC and Anders Construction, Inc., Doc. 12 in Civil Action No. 14-2273, at ¶XII.

[9] *See* Answer and Claims of Claimant Paul Jones, Doc. 9 in 14-2390 at ¶6-8.

[10] *See* Answer to Complaint in Limitation and Claim of Double C Marine, LLC and Barbara Ann, LLC, Doc. 7 in Civil Action No. 14-2390, at p. 2.

Prior to the filing of the instant motion to dissolve, Anders settled its property damage claim against Double C and Barbara Ann, and an order dismissing Anders' claim was issued by this Court on January 29, 2016 [Doc. 58 in 14-2273]. Thereafter, on February 5, ,2016, the parties filed a letter with the Court, wherein they stipulated as follows:

> *All parties agree that **this remains a multi-claimant matter** and that the issues of exoneration and/or limitation should be decided first. . . .*[11]

Despite the filing of the aforementioned stipulation, Jones seeks to dissolve the limitation injunctions – presumably in both limitations proceedings – on grounds the consolidated cases represent a single-claimant dispute.[12] The record is clear, however, that the litigation in question is a consolidation of *two distinct limitation of liability proceedings*: the limitation proceeding filed by Double C and Barbara Ann – in which Jones and Anders have filed claims – and the limitation proceeding filed by Anders in which Jones, Double C, and Barbara Ann have filed claims. While Jones acknowledges his claims against each of the limitation petitioners -- as well as Anders' cross-claim for maintenance-and-cure-related contribution in the Double C Limitation -- remain active, he argues Anders' claim for contribution is not subject to limitation, on grounds "a shipowner cannot limit its liability for maintenance and cure. It may bring a limitation action only in response to a finding of negligence or unseaworthiness." *Brister v. A.W.I., Inc.,* 946 F.2d 350, 361 (5th Cir.1991); *See also In re Jillian Morrison, L.L.C.,* 2008 WL 4360913, at *2 (S.D. Tex. Sept. 23, 2008). Jones further argues he has not reached maximum medical improvement and Anders' maintenance and cure obligations remain ongoing. Jones argues until the state court jury (Jones having originally filed

---

[11] *See* February 5, 2016 letter from counsel, Doc. 61 (emphasis added).

[12] Moreover, in its opposition brief, Anders avers that Jones has "withdrawn the representations" he made regarding the status of the case. *See* Doc. 75, at p. 6, n.25.

his personal injury claim in state court, and that claim remaining viable but stayed pursuant to statute) determines when Jones will reach maximum medical improvement and the total amount of maintenance and cure owed to Jones by Anders, the contribution claim remains unliquidated and, therefore, not yet ripe for adjudication by any court. Jones therefore argues Anders' contribution claim has no impact on the Double C Limitation fund.  For the following reasons, this Court finds Jones' argument unpersuasive.

### III.    Law and Analysis

A shipowner facing potential liability for a maritime accident may file suit in federal court seeking protection under the Limitation of Liability Act, 46 U.S.C. §30505 (formerly 46 U.S.C. § 183).  It is well-settled this Act allows a shipowner to limit its liability for damages arising out of an accident to the value of the vessel and its pending freight at the time of the accident. In relevant part, the statute provides:

> [T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.

46 U.S.C. §30505(a). A federal district court sitting in admiralty has exclusive jurisdiction to determine if the owner is entitled to limit liability to the value of the vessel and its pending freight. *Scott v. Cooper T. Smith Corp.*, 2008 WL 489325 (E.D La. Feb. 19, 2008) (J. Vance), *citing Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001).

The general rule in a limitation proceeding is to stay other actions pending the outcome of the limitation proceeding. 46 U.S.C. §30511. *See also In Re Cooper T. Smith Stevedoring Co., Inc.*, 1991 WL 220390 (E.D.La.1991).  However, when there is a single claimant, or multiple claimants

but an adequate limitation fund, the plaintiff can be permitted to pursue his remedies in state court.

The Fifth Circuit has, therefore, held there are circumstances under which the *limitation proceeding* should be stayed and the individual actions should be allowed to proceed, to wit:

> There are two situations, however, in which a federal court presiding over a limitation proceeding must stay the limitation proceeding and allow individual actions to proceed: (1) when the shipowner's declared value of the vessel and its freight exceeds the aggregate amount of the claims against it; and (2) *when **all claimants** stipulate that the federal court has exclusive jurisdiction over the limitation proceeding **and** that they will not seek to enforce a judgment in excess of the value of the ship and its freight until the shipowner's right to limitation has been adjudicated by the federal court.*

*Scott v. Cooper T. Smith Stevedoring Co., Inc.*, 2008 WL 489325, *1 (emphasis added), citing *In re Tetra Applied Techs. L.P.*, 362 F.3d 338, 341 (5th Cir.2004) ("if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act, the claimants may proceed in state court."), *citing Odeco Oil and Gas Co. v. Bonnette*, 4 F.3d 401, 404 (5th Cir.1993). The Fifth Circuit has determined these requirements are necessary to protect the vessel owner's right to seek limited liability in federal court. *Lewis*, 531 U.S. at 453; *Odeco*, 74 F.3d 671, 674 (5th Cir.1996).

Whether a stipulation adequately protects a party's rights under the Limitation Act is a question of law to be reviewed *de novo* by the court. *Odeco Oil & Gas Co., Drilling Division v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996); *In re Complaint of Port Arthur Towing Co. ex rel. M/V MISS CAROLYN*, 42 F.3d 312, 316-17 (5th Cir.) (reviewing de novo the adequacy of a stipulation under the Limitation Act), *cert. denied*, 516 U.S. 823, 116 S.Ct. 87, 133 L.Ed.2d 44 (1995). The Fifth Circuit reviews a district court's decision to lift a stay for abuse of discretion. *In re Complaint of Port Arthur Towing Co*, 42 F.3d at 317; *Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1582 (5th Cir.1992).

In *Odeco*, the specific question before the court was "whether the parties seeking contribution and indemnity are "claimants" within the meaning of the Limitation Act, and, therefore, must actually sign the stipulation before the injured claimants may proceed in state court." 74 F.3d at 674. The *Odeco* court answered the question in the affirmative, noting:

> We believe that we have previously resolved the question of whether parties seeking contribution and indemnity are "claimants" within the meaning of the Limitation Act. *See In re Complaint of Port Arthur Towing*, Co., [42 F.3d 312, 316] (recognizing that "a 'claimant' in this context includes a codefendant who is asserting a cross claim for indemnification, costs, and attorneys' fees").

*Id.* at 675.

In reliance upon its previous decision in *In re Complaint of Port Arthur*, the *Odeco* court held "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act." *Id. See also Scott, supra* at *2 ("[w]hen dealing with claims of contribution or indemnity, the Fifth Circuit has held that all claimants, whether seeking damages in tort, indemnity or contribution from a co-defendant, must sign the appropriate stipulations before a district court may lift the stay in a limitation proceeding."), *citing In re ADM/Growmark River System, Inc.*, 234 F.3d 881 (5th Cir.2000).

In the instant case, Anders – as the owner of the ANDERS ELEVATOR – is required to pay maintenance and cure to a seaman who was in the service of the ship when injured, such as to claimant Jones, without a showing of fault. Thus, the vessel owner – here, Anders – owes Jones maintenance and cure if he was injured while in the service of the ship. Anders argues the injuries Jones sustained while in the service of the ship were caused by the fault of the M/V CAROLINE G. Therefore, Anders has filed a crossclaim against Barbara Ann – the owner of the M/V CAROLINE G – and Double C – the charterer of the vessel – for the damages their negligence caused, relevant

7

to this injury, and any amounts it must pay its seaman Jones in maintenance and cure. Consequently, there is a valid claim for contribution/indemnity by Anders against the owner and charterer of the M/V CAROLINE G for any amounts Anders must pay, which amounts could, potentially, includes damages, as well as monies paid in maintenance and cure to Jones. Anders' contribution/indemnity claim exists separate and apart from Jones' claims for his damages and his maintenance and cure, as these monies are not owed to the injured plaintiff, but to the vessel owner of the ship upon which Jones was working, and who, due to a third party's negligence who caused injury to the seaman, must pay maintenance and cure. Pursuant to established Fifth Circuit jurisprudence, the existence of a claim for contribution/indemnity renders the instant matter a multiple-claim case. Here, Jones has claims against both vessel owners arising out of the injury he allegedly sustained, said claims *not being limited to his maintenance and cure claim in either proceeding*. Additionally, the vessel owner Anders has a claim for contribution or indemnity for whatever damages the vessel owner has sustained due to the M/V CAROLINE G's owner's/operator's alleged negligence. As noted above, the Fifth Circuit has determined the existence of a claim for contribution/indemnity renders the instant matter a multiple-claim case. Thus, there are multiple claims in the consolidated limitation proceedings.

This Court is not unaware of Jones' argument that the shipowner may not limit its liability to maintenance and cure, and this Court agrees; however, that is not the issue before this Court. Jones' claims for maintenance and cure is subject to that edict; however, a crossclaim by a vessel owner against an allegedly negligent third party is not so limited. Additionally, Jones has brought not only a claim for maintenance and cure, but a claim for damages as well.

Additionally, this Court finds Jones' argument that as Jones has not reached maximum

8

medical improvement, the total amount of maintenance and cure cannot be known – and therefore, the crossclaim is not yet ripe for determination – has a certain appeal. However, it is more often than not the case in any given lawsuit that at the time of filing, a seaman will not have reached maximum medical improvement; maximum medical improvement is often reached during the life of the litigation or even thereafter. However, the obligation to pay maintenance and cure exists as to the seaman vis-a-vis the vessel owner, once there is injury and payment is owed. Furthermore, the vessel owner will have paid certain amounts in maintenance and cure, and as to those payments, already made, there is a set amount, clearly identifiable, and owing if the M/V CAROLINE G were to be found negligent. As to those amounts, already paid, there is not the same appeal as to ripeness. Thus, this Court finds Jones' argument on this basis is, also, unpersuasive.

Anders, also, has not signed the stipulation, as it does not believe its right to limit its liability will be adequately protected should this Court dissolve the limitations injunctions. Considering the foregoing, this Court concludes dissolution of the limitations proceedings – in both of the consolidated matters – is not appropriate.

## IV. Conclusion

For the foregoing reasons, IT IS ORDERED that the Motion to Dissolve the Limitation Injunctions [Doc. 74] in the consolidated matters is DENIED. Counsel shall contact the Court within ten days of the date of this Ruling for the purpose of scheduling a telephone status conference to select a new trial date.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___3rd___ day of ~~March~~ *April* 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

9