UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: DOUBLE C MARINE L L C ET AL        CASE NO. 6:14-CV-02273 LEAD
                                                                    6:14-CV-02390 MEMBER

                                                                    JUDGE JUNEAU

                                                                    MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM RULING**

Before the Court is a Motion to Bifurcate, or in the Alternative, a Motion to Empanel Jury to be Finders of Fact for Claimant's Damage filed by Paul Jones ("Jones") Rec. Doc. [164], and a Memorandum in Opposition filed by Barbara Ann LLC, and Double C Marine LLC, ("Barbara Ann and Double C"), Rec. Doc. [177]. For the following reasons, the Motion to Bifurcate is GRANTED.

**I. BACKGROUND**

This matter arises out of an allision that occurred on January 28, 2014 between the ANDERS ELEVATOR, a liftboat owned by Anders, and a barge in the tow of the M/V CAROLINE G, a vessel owned by Barbara Ann and chartered by Double C. Jones, who was working aboard the ANDERS ELEVATOR at the time of the allision, claims to have sustained physical injury.[1]

---

[1] All claims for property damage have since been settled. [Rec. Doc. 58]

On April 7, 2014, Jones filed a Jones Act and general maritime personal injury lawsuit against Double C, Barbara Ann, and Anders in Louisiana state court pursuant to the "savings to suitors" clause,[2] 28 U.S.C. §1333, and demanded a jury trial pursuant to 46 U.S.C. §30104.

Thereafter, two limitation proceedings were filed in this Court. On July 9, 2014, Double C, as operator/bareboat charterer, and Barbara Ann, as owner of the M/V CAROLINE G, filed a Complaint for Exoneration or Limitation of Liability (hereinafter the "Double C Limitation" assigned Civil Action No. 14-2273). Thereafter, on July 28, 2014, Anders filed a Verified Complaint for Exoneration from or Limitation of Liability (hereinafter the "Anders Offshore Limitation" assigned Civil Action No. 14-2390). In conjunction with these filings, this Court issued orders enjoining the prosecution of Jones' state court lawsuit, *Rec. Doc. 4.* The Limitation Proceedings were consolidated in this Court on April 9, 2015, *Rec. Doc. 30.*

On March 6, 2019, Jones re-urged his Motion to Bifurcate, *Rec. Doc. [164].* Barbara Ann and Double C Marine have opposed the Motion, *Rec. Doc. [177].* On March 20, 2019, Jones and Anders informed the Court that they settled their claims, and a 60 Day Order of Dismissal was therefore entered terminating the Anders Limitation - Civil Action 14-2390, *Rec. Doc. 180*. As part of the settlement, Anders assigned to Jones the claim it

---

[2] The same statute that grants exclusive jurisdiction to the federal district courts over limitation proceedings also "sav[es] to suitors in all cases all other remedies to which they are entitled." 28 U.S.C. § 1333.

asserted against Double C and Barbara Ann for contribution for amounts it has paid Jones for maintenance and cure.

## II. LEGAL STANDARD

The Limitation of Liability Act, 46 U.S.C.A. §§ 30501 - 30512, permits a shipowner facing potential liability for a maritime accident to file a petition in federal court to limit its liability. The Limitation of Liability Act provides that if the shipowner did not have "privity or knowledge" of the vessel's fault relative to the accident in question, the owner's liability is limited to "the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C.A. § 30505(a). The limitation proceeding is therefore comprised of a two-step analysis: the court must first, determine whether the vessel's acts render it liable to the injured claimant and, second, whether the shipowner had knowledge or privity of these negligent acts. See generally Thomas J. Schoenbaum, 2 Admiralty and Maritime Law § 15.8 (6th ed. 2018).

This statutory right of a vessel owner to seek a limitation of liability in federal court directly conflicts with the right of a complainant to seek a common law remedy in state court pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1). That statute grants federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. The Fifth Circuit has explained that "[t]he saving to suitors clause evinces a preference for jury trials and common law remedies in the forum of the

claimant's choice." *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). Keeping in mind the tension that exists between the two statutes, the federal district court's "primary concern is to protect the shipowner's absolute right to claim the [Limitation] Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Id*.

### III. CLAIMS OF THE PARTIES AND ANALYSIS

To exercise his "saving to suitors" option and to pursue his claims in state court, Jones seeks to bifurcate the case to ensure that the only issue resolved in the federal forum is the exoneration and/or limitation of liability question and to reserve to the state court all non-limitation issues. In support of his Motion, Jones asserts that Fed. R. Civ. P. 42 gives this Court discretion to bifurcate and that bifurcation protects all the parties' interests in this matter.

Barbara Ann and Double C, on the other hand, urge this Court to determine their initial liability and to also apportion fault among all potentially liable parties. In support of their position, they claim that if the district court determines that the owner is entitled to limit liability, the district court in the limitation action should also determine the liability of the owner (fault) and the damages of each claimant, allocating to all claimants a pro rata share of the limitation fund. They go onto contend that only if limitation is denied are the claimants released to prosecute their claims as the stays of the other proceedings against the owner would then properly be lifted. Thus, Barbara Ann and

Double C argue that fault as a whole and specific allocation of fault are tried as part of the antecedent limitation of liability proceeding, *Rec. Doc. 177, p 7.*

In this case, Jones selected a legitimate forum to hear his claim in state court under the Savings to Suitors clause; and Barbara Ann and Double C properly selected this Court as the exclusive venue in which to have the limitation action decided. Bifurcation in this case would preserve Jones' right to jury trial and Barbara Ann's and Double C's right to claim the Limitation Act's liability cap. As Judge Schwartz stated in *In re Bergeron Marine Serv., Inc.*, No. CIV.A.93–1845, 1994 WL 236374, at *1 (E.D. La. May 24, 1994):

> Bifurcation has proved to be an effective tool to help ease the conflict between the apparent exclusive jurisdiction vested in this admiralty court by the Limitation Act and the presumption in favor of jury trials and common law remedies embodied in the "savings to suitors" clause of 28 U.S.C. § 1333. In essence, this Court will determine both negligence of petitioner and its right to limitation/exoneration in Phase I of the instant proceedings keeping its stay in effect, which will satisfy the Limitation Act's requirements….
>
> It can hardly be argued that any judicial inefficiency will result from bifurcation of this matter. As to the determination of the existence of negligence on the part of the petitioner, if any, this Court's finding in that regard would have res judicata effect. Any subsequent proceeding, whether in this Court or in state court would be focused on making the determinations as to whether any additional parties are at fault, the relative degrees of fault of the tortfeasors, and damages.

This Court finds that bifurcation in this matter would protect the shipowner's right to claim the Limitation Act's liability cap, and to reserve the adjudication of that right in the federal forum, while also recognizing the presumption in favor of jury trials and common law remedies embodied in the "savings to suitors" clause of 28 U.S.C. § 1333.

Thus, for the reasons expressed above, Jones' Motion to Bifurcate is GRANTED. Accordingly, the Court orders the bench trial scheduled for April 8, 2019 be limited to the issues of exoneration and limitation of liability.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 3rd day of April, 2019.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE